Dear Mr. Dupleix:
You have requested an opinion of the Attorney General regarding the ad valorem tax exempt status of properties owned by a private association. The association leases these properties (i.e., office space) to state and federal governmental agencies (e.g., U.S. General Services Administration). You specifically ask whether the fact that the property is being leased to a governmental agency affords said property tax exempt status.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and state law to the assessor, the Louisiana Tax Commission and ultimately, the courts. Attorney General Opinion Nos. 93-392, 92-660, 89-599 and 76-114. While the Attorney General does not have the authority to grant tax exemptions, we would like to assist you as to the applicable law which may be used in making individual determinations.
The jurisprudence of this state has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any plausible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established.Zapata Haynie Corp. v. Larpenter, 583 So.2d 867
(La.App. 1st Cir. 1991), Writ Denied.
Article VII, Section 21 of the Louisiana Constitution of 1974 states, in pertinent part, the following:
 "Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation." (Emphasis added).
Section 21 goes on to list specific classifications of property deemed to be exempt. As emphasized, Section 21 states that "no other" property than that provided for therein shall be tax exempt. A review of the property classifications enumerated in Section 21 reveals no exemption for properties owned by a private association merely because they are leased to a governmental agency. It is axiomatic that tax exemptions are granted to the property and benefits the owner of the property.
Thus, the owner must establish that he or she falls squarely within one of the qualifying exemptions. The fact that the property is being leased to a governmental agency and used for a public purpose is immaterial. In accord are Attorney General Opinion Nos. 86-12, 79-861, 79-343 and 75-1399.
Therefore, it is the opinion of this office that if the owner of property does not fall within one of the tax exempt classifications enumerated in Article VII, Section 21, the property will not be exempt from ad valorem tax liability even though it is being leased to a governmental agency.
Trusting this adequately response to your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/gbe